Jason S. Hartley (SBN# 192514)
Jason M. Lindner (SBN# 211451)
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: 619-400-5822
*hartley@hartleyllp.com*
*lindner@hartleyllp.com*

George A. Hanson (*pro hac vice*)
Alexander T. Ricke (*pro hac vice*)
Caleb J. Wagner (*pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816-714-7100
*hanson@stuevesiegel.com*
*ricke@stuevesiegel.com*
*wagner@stuevesiegel.com*

*Additional Plaintiff's Counsel Listed on Signature Page*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| ROBERT PLATT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SODEXO, S.A. and SODEXO, INC.<br><br>Defendants. | Case No. 8:22-cv-2211-DOC-ADS<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>[Filed concurrently with Declaration of Caleb J. Wagner, Proposed Surreply in Opposition to Defendants' Motion to Compel Arbitration, and Proposed Order]<br><br>Judge:  Hon. David O. Carter<br>Courtrm:  10A |

# PLAINTIFF'S *EX PARTE* APPLICATION AND POINTS OF AUTHORITIES IN SUPPORT

## I. Plaintiff Has Complied with All Local Rules in Bringing This Application

Pursuant to Local Rule 7-19, the names, addresses, telephone numbers, and email addresses of counsel for Defendants Sodexo, S.A. and Sodexo, Inc. are:

René E. Thorne
Ryan M. Tucker
JACKSON LEWIS P.C.
601 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Telephone: (504) 208-1755
Email: Rene.Thorne@jacksonlewis.com
Email: Ryan.Tucker@jacksonlewis.com

and

Sean Paisan
JACKSON LEWIS P. C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Telephone: (949) 885-1360
Email: Sean.Paisan@jacksonlewis.com

Caleb Wagner informed all above-listed counsel for Defendants by email on the morning of June 19, 2023 that Plaintiff would file this ex *parte* application. (Decl. of Caleb J. Wagner). René Thorne responded the next day that Defendants would oppose the application. *Id.*

Pursuant to Local Rules 5-4.4 and 7-20, the proposed *ex parte* order is filed herewith. Plaintiff's Proposed Surreply in Opposition to Defendants' Motion to Compel Arbitration is attached hereto and filed as Exhibit 1.

Pursuant to the Court's Standing Order No. 5, Plaintiff will serve counsel for Defendants with a copy of this *ex parte* application and all documents filed

1

concurrently herewith, along with notice that any opposition must be filed not later than 24 hours after said email.

## II. The Court Should Grant Leave for Plaintiff to File a Surreply

Fair play and efficient use of judicial resources prohibits a party from raising new legal arguments for the first time in a reply brief. *See, e.g., Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990). Here, Defendants have made a new argument in their Reply Brief, to which Plaintiffs should be able to respond prior to the hearing. In their opening brief, Defendants argued that the Court must "apply ordinary state-law principles that govern the formation of contracts' to decide whether an agreement to arbitrate exists." Doc. 30-1 at p. 11. Under state law, contract formation requires mutual assent. *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014). In its Reply Brief, though, Defendants now argue for the first time that basic principles of contract formation are irrelevant (or, at least, somehow different) in the context of ERISA, because plan sponsors are authorized to unilaterally amend the terms of an ERISA plan at any time. Doc. 36 at 19-20. To that end, one of the headings in Sodexo's Reply Brief (which aptly describes the argument) states: "The Plan's Arbitration Provision Binds Plaintiff Regardless of His Consent." Doc. 36 at 19-20. Because this argument appeared for the first time in Sodexo's Reply Brief, *see id.*; *see also* Doc. 30-1, Plaintiff contends that it has been waived. If the Court disagrees, though, and wishes to reach the merits of this question, Plaintiff should be granted the opportunity to present his arguments in opposition.

A court may permit the filing of a surreply brief when a "valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Graham v. Swift*, 2021 WL 667499, at *2 (C.D. Cal. Jan. 12, 2021) (citing *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005)). Here, Defendants raised new arguments in their Reply Brief, one of which is truly novel

and crucial to the disposition of the present motion. Plaintiff should be given leave to address these issues.

### III. Conclusion

For the reasons stated herein, the Court should sustain Plaintiff's *ex parte* application and grant him leave to file a surreply and should hold the proposed surreply attached herein as <u>Exhibit 1</u> to be deemed filed.

Dated: June 20, 2023                                  Respectfully submitted,

*/s/ Jason S. Hartley*
Jason S. Hartley (SBN# 192514)
Jason M. Lindner (SBN# 211451)
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: 619-400-5822
*hartley@hartleyllp.com*
*lindner@hartleyllp.com*

George A. Hanson (*pro hac vice*)
Alexander T. Ricke (*pro hac vice*)
Caleb J. Wagner (*pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816-714-7100
*hanson@stuevesiegel.com*
*ricke@stuevesiegel.com*
*wagner@stuevesiegel.com*

Ryan L. McClelland (SBN# 244871)
**MCCLELLAND LAW FIRM, P.C.**
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068
Telephone: 816-781-0002
*ryan@mcclellandlawfirm.com*

*Counsel for Plaintiff*

3