**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02211-DOC-ADS                                  Date:  June 18, 2026

Title: Robert Platt et al v. Sodexo, S.A. et al

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

            Karlen Dubon                                                Not Present
          Courtroom Clerk                                          Court Reporter

      ATTORNEYS PRESENT FOR                     ATTORNEYS PRESENT FOR
                 PLAINTIFF:                                        DEFENDANT:
             None Present                                        None Present

**PROCEEDINGS (IN CHAMBERS):    ORDER DENYING MOTION TO
                                                       DISMISS CASE [71]**

       Before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint
under Rule 12(b)(6) (Dkt. 71) brought by Defendants Sodexo, S.A and Sodexo, Inc.
("Defendants"). Having reviewed the moving papers submitted by the parties and after
hearing oral arguments, the Court **DENIES** Defendant's Motion to Dismiss.

**I.      Background**

        **A.      Facts**

       This action arises out of Defendant's alleged violations of the Employment
Retirement Income Security Act (ERISA). The following facts are drawn from Plaintiff's
First Amended Complaint ("FAC") (Dkt. 28) and Defendants' Motion to Dismiss
("MTD") (Dkt. 71).

       Defendant Sodexo, S.A. is a multinational food services enterprise headquartered
in France, with over 100,000 employees in the United States through its wholly owned
subsidiary Defendant Sodexo, Inc. ("Sodexo"). FAC at 2-3. Plaintiff Robert Platt is a
long-time employee of Sodexo, working as a quality control assurance manager in
California. FAC at 3. To maintain health insurance coverage under a Sodexo-sponsored

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02211-DOC-ADS                    Date: June 18, 2026

                                                                                    Page 2

plan ("Sodexo Medical Plan" or "the Plan"), U.S. based Sodexo employees like Platt are required to disclose the use of nicotine products. FAC at 2. Those who do use nicotine products are required to pay an additional fee of $1,200 per year—hereinafter referred to as a "nicotine surcharge"—to maintain coverage. *Id.* This is permitted by ERISA, which allows health plans to offer discounts, rebates, and rewards for enrollees who adhere to programs that promote health and prevent disease, such as wellness programs that impose premium surcharges on nicotine users. Dkt. 71-1 at 1.

However, ERISA also requires that plans offer a "reasonable alternative standard" to obtain the reward for participants for whom participation may be unreasonably difficult or medically inadvisable due to a medical condition. *Id.* Defendants maintain that Sodexo's nicotine-free wellness program meets this standard by allowing nicotine users to avoid a nicotine surcharge prospectively by enrolling in a nicotine cessation course. *Id.* Plaintiff alleges, however, that Sodexo's alternative standard did not meet the requirements outlined by ERISA because it did not retroactively reimburse participants for surcharges they paid prior to enrolling in a nicotine cessation program. *Id.* Plaintiff claims that Defendants' alternative standard violates ERISA's anti-discrimination requirements since it does not allow participants to receive the "full reward" they are entitled to. FAC at 2-3. Moreover, Plaintiff alleges that Sodexo failed to provide notice of availability of a reasonable alternative standard. FAC at 9.

### B.      Procedural History

On December 8, 2022, Plaintiff Robert Platt filed a Class Action Complaint against Defendants in this Court (Dkt. 1). On March 15, 2023, Plaintiff filed his first amended Class Action Complaint (Dkt. 28). Defendants then filed a Motion of Dismiss pursuant to FRCP 12(b)(6) on October 24, 2025 (Dkt. 71). The Court waived oral argument on November 11, 2025 (Dkt. 75). Plaintiff filed an Opposition to Defendants' Motion to Dismiss on November 11, 2025 (Dkt. 76). Defendants filed their Reply in support of their Motion to Dismiss on December 5, 2025 (Dkt. 77).

Plaintiff filed a Notice of Supplemental Authority on January 26, 2026 (Dkt. 80). Defendants filed both a Response to this Notice and their own Notice of Supplemental Authority on February 12, 2026 (Dkts. 84, 85). Plaintiff filed another Notice of Supplemental Authority on February 20, 2026 (Dkt. 86). Defendants accordingly filed a Response to that Notice on March 2, 2026 (Dkt. 87). On March 12, 2026, Defendants filed a Notice of Supplemental Authority (Dkt. 90). Defendants also filed a Notice of Supplemental Authority on March 27, 2026 (Dkt. 93). Plaintiff filed a Notice of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02211-DOC-ADS                           Date: June 18, 2026

Page 3

Supplemental Authority on April 7, 2026 (Dkt. 94). On April 10, 2026, Defendants filed a Response to that Notice (Dkt. 95). Defendants also filed a Notice of Supplemental Authority on April 10, 2026 (Dkt. 96). On April 14, 2026, Plaintiff filed another Notice of Supplemental Authority (Dkt. 97). Defendants filed a Response to that Notice on April 20, 2026 (Dkt. 98). Plaintiff then filed another Notice of Supplemental Authority on June 8, 2026 (Dkt. 102).

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02211-DOC-ADS                              Date: June 18, 2026

Page 4

permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

**III.     Discussion**

Plaintiff brings four causes of action against Defendant on behalf of himself and all similarly situated plan participants and beneficiaries. *See* FAC at 17-25. First, Plaintiff contends that the nicotine surcharge violates ERISA because it does not provide for a reasonable alternative standard (usually a smoking cessation program) by which a participant can receive the program's "full reward"—that is, avoid the surcharge for the entire plan year. FAC at 17-18. Second, Plaintiff contends that Defendants violated ERISA by failing to give employees the statutorily required notice of any reasonable alternative standard. FAC at 19. Third, Plaintiff contends that Defendants breached their fiduciary duty to plan participants by assessing and collecting the nicotine surcharge. *See* FAC at 20-21. According to Plaintiff, Sodexo's nicotine surcharge has discriminated against, and continues to discriminate against, plan participants based on a health status-related factor is assessing premiums or contributions, in violation of 29 U.S.C. § 1182(b). FAC at 20-21. Fourth, Plaintiff contends that Sodexo's assessment and collection of the nicotine surcharge violates the terms of the plan because the use of nicotine products is not one of the three bases on which the Plan Document may increase a participant's contribution level. *See* FAC at 22-23. Per the Plan, "the Administrator may establish different contribution levels depending on (1) the level of Company contributions, (2) whether or not Participating Employees have elected to cover Eligible Family Members and (3) the Component Plan elected by or for the Participant." *Id*. The Court addresses each count in turn, starting with the threshold matter of applicable statute of limitations.

> **A.     Plaintiff's claims are not barred by the statute of limitations under ERISA.**

As a threshold matter, Defendants argue that Counts I, II and IV brought by Plaintiff are untimely under applicable state law. MTD at 13. Both parties agree that Plaintiff was subject to the nicotine surcharge at least through December 31, 2018 and that he filed suit on December 8, 2022. Opp at 13. The Court finds that all three claims are not barred by any statute of limitations.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02211-DOC-ADS                    Date: June 18, 2026

Page 5

### i. Counts I and II are not barred.

First, the Court addresses Counts I and II and finds that the applicable limitations period is the federal catchall period of four years. Counts I and II are brought to enforce the nondiscrimination standards in 29 U.S.C. § 1182, which Congress enacted in 1996 as part of the HIPAA amendments to ERISA. *See Incentives for Nondiscriminatory Wellness Programs in Group Health Plans*, 78 Fed. Reg. 33158 (June 3, 2013). Under 28 U.S.C. § 1658(a), the federal catchall limitations period of four years applies whenever the claim is made possible by a post-1990 enactment. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Without HIPPA, there would be no way for group health plan participants to challenge health status related discrimination and since the amendments were enacted 1996, the four-year federal catchall limitations standard applies.

Even though the amendments prohibiting health status related discrimination were enacted in 1996, Defendants argue that Plaintiff is bringing suit under ERISA Section 502(a)(3), which is the vehicle for challenging ERISA statutory violations, and that the federal catchall does not apply because the statute was enacted in 1974. Response at 6. The Court finds this interpretation unpersuasive. The fact remains that without the amendments, the existence of ERISA Section 502(a)(3) alone would not enable Plaintiff to bring suit because there would be no violations. Therefore, the amendments are necessary to bringing suit and since they were passed after 1990, the federal catchall limitations period of four years applies.

### ii. Count IV is not barred.

Defendants argue that Plaintiff's claim for Count IV brought under ERISA § 502(a)(1)(B) is barred under Massachusetts's statute of limitations. The Court finds that this claim is timely. Though ERISA does not have an internal limitations period for this claim, courts have applied the applicable state law limitation period for contracts. *Withrow v. Halsey*, 655 F.3d 1032, 1036 (9th Cir. 2011). Defendants argue that the applicable limitations period should be rooted in Maryland's limitations period and Plaintiff argues that California law should apply. Regardless of which is applied, Plaintiff's Count IV is timely.

Pointing to a Maryland choice-of-law provision in the plan, Defendant argues that the statute of limitations is three years under Maryland's breach of contract limitation period. MTD at 15. To determine accrual for the cause of action, Defendants apply a federal standard of when the benefits were actually denied or when the insured had reason to know the claim was denied. *Id.* at 16. Defendants argue that Plaintiff knew or should have known in December 31, 2018 when he switched his nicotine-user status and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02211-DOC-ADS                    Date: June 18, 2026

Page 6

was no longer surcharged, that he had been charged before. *Id.* Therefore, when he filed his suit on December 8, 2023 more than three years had passed, time-barring his claim under Maryland law. *Id.* On the other hand, Plaintiff argue that either Maryland's "actual knowledge" accrual rule should apply or California law should apply. Opp. at 15. The Court does not find it necessary at this stage to elucidate which state's contract law applies because under either, the claim would still move forward and not be barred by the statute of limitations.

The Court agrees with Plaintiff that if Defendants are arguing to enforce a choice of law clause for Maryland, the clause needs to be enforced fully and a federal standard cannot be applied for accrual length. Since Maryland has an "actual knowledge" standard for breach and is it plausible that Plaintiff gained actual knowledge of Sodexo's nicotine surcharge violated terms of the Plan Document only after he retained counsel and filed suit. *Poffenberger v. Risser*, 290 Md. 631, 638, 431 A.2d 677, 681 (1981). On the other hand, if California law applies, there is a four-year limitations period for breach of contract, which Plaintiff would fall under. Cal. Civ. Proc. Code. § 337. Therefore, Plaintiff's Count IV is not barred by a statute of limitations.

> **B.    Plaintiff's Count I—alleging an ERISA statutory violation—will not be dismissed.**

Group health insurance plans may not discriminate against employees via coverage or through higher premiums due to health-status related factors such as tobacco use. 29 U.S.C. § 1182(b)(1). ERISA does however contain an exception which allows plans to issue discounts through wellness programs, so a group health plan may "establish[ ] premium discounts or rebates or modify[ ] otherwise applicable copayments or deductibles in return for adherence to programs of health promotion and disease prevention." *Id.* § 1182(b)(2)(B). To qualify as a wellness program, five factors must be met: (A) The reward for the wellness program, together with the reward for other wellness programs with respect to the plan that requires satisfaction of a standard related to a health status factor, shall not exceed 30 percent of the cost of employee-only coverage under the plan, (B) The wellness program shall be reasonably designed to promote health or prevent disease, (C) The plan shall give individuals eligible for the program the opportunity to qualify for the reward under the program at least once each year, (D) The full reward under the wellness program shall be made available to all similarly situated individual, (E) The plan or issuer involved shall disclose in all plan materials describing the terms of the wellness program the availability of a reasonable

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02211-DOC-ADS                                   Date: June 18, 2026

Page 7

alternative standard (or the possibility of waiver of the otherwise applicable standard) required under subparagraph (D). If plan materials disclose that such a program is available, without describing its terms, the disclosure under this subparagraph shall not be required. *See* 42 U.S.C. § 300gg-4(j)(3)(A)–(E).

Plaintiff argues that having to pay a higher "premium or contribution" than other plan participants due to tobacco use, "[a] health status-related factor" is an unlawful surcharge. 29 U.S.C. § 1182(b)(1). Plaintiff further contends that Sodexo does not have a valid wellness program because the "full reward" and "disclosure" requirements are not met. Opp at 8. The Court finds that Plaintiff's Counts I and II state a claim under HIPAA § 1182.

When enrolling in a Sodexo medical plan, Plaintiff was required to pay $1,200 for a nicotine surcharge. FAC at 17. However, by enrolling in a smoking cessation program, members of Sodexo's medical plan no longer have the surcharge deducted from their pay going forward. *Id.* at 18. But if a member enrolls in the program mid-year or later, they are not reimbursed for surcharge payments they made earlier in the year which Plaintiff claims is in violation of the "full reward" requirement of wellness programs. *Id.* Defendants argue that the Sodexo medical plan does offer the opportunity for a "full reward" because plane members could avoid the surcharge for the entire year by enrolling in the cessation course at the start of the Plan year. MTD at 8-9. Further, Defendants argue that Sodexo goes above and beyond the requirements for wellness programs because plan members are able to obtain a full reward more than once a year since they can enroll in the cessation course anytime during the year. *Id*. at 8.

As a threshold matter, the Court finds that Defendants conflate the requirements for ensuring that "individuals eligible for the program have the opportunity to qualify for the reward under the program at least once each year" and ensuring that the "full reward under the wellness program shall be made available to all similarly situated individuals." At issue is not whether Sodexo plan members are eligible to qualify for the reward at least once a year—that requirement is clearly fulfilled. Rather, Plaintiff alleges that plan members are not eligible for a *full* reward.

Both parties seek to use the legislative history behind the wellness regulations to argue their interpretation of whether full reimbursement is required. Plaintiff points out that the 2006 version of the wellness program regulations only mention that a "reward" is required for the completion of a wellness program. 29 C.F.R. § 2590.702(f)(2)(iv) (Dec. 13, 2006). However, when codifying the regulations in the Affordable Care Act, Congress modified the requirement to read "*full* reward" so Plaintiff argues that the addition of the word "full" should not be construed as simply redundant. Opp. at 9.  On

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02211-DOC-ADS                                Date: June 18, 2026

Page 8

the other hand, Defendants argue that Congress used the word "reimbursement" in other amendments to the Affordable Care Act and thus could have used that word rather than "full reward" if that is what they meant. MTD at 10. Defendants also point to an example in the 2006 regulations of a program which allowed participants to obtain the reward for the time they were actually enrolled in a cessation program. *Id.* at 10.

Plaintiff also points to the preamble of the 2013 regulations which states "[i]f a calendar year plan offers a health-contingent wellness program with a premium discount and an individual who qualifies for a reasonable alterative standard satisfies that alternative on April 1, the plan or issuer must provide the premium discounts for January, February, and March to that individual." 78 Fed. Reg. at 33163. Defendants attempt to distinguish Sodexo's program by saying that the preamble addresses a situation where a wellness program requires the completion of a time-consuming alternative rather than a simple sign-up like in Sodexo's program. MTD at 10.

After reviewing these arguments thoroughly, the Court finds that Plaintiff has pled sufficient facts to put Defendants on notice regarding the nature of their claim. There is enough legal uncertainty that the Court cannot conclude Defendants will prevail on its defense as a matter of law in its entirety, so Plaintiff's Count I—alleging an ERISA statutory violation—moves forward.

> **C.      Plaintiff's Count II—alleging an ERISA statutory violation for lack of notice—is not dismissed.**

One of the five factors for a wellness program exception is disclosing in all plan materials the terms of the wellness program and the availability of a reasonable alternative standard. § 300gg-4(j)(3)(E). Plaintiff points to a plan enrollment guide that does not disclose the availability of an alternative standard by which the nicotine surcharge can be avoided. FAC at 19. Plaintiff also points to another document that failed to notify plan members that a physician's recommendation would be accommodated. Opp. at 11. Like our sister court in *Bailey v. Sedgwick Claims Management Services*, where similar provisions were missing in plan materials, the Court here finds that it plausible that Defendants failed to satisfy a regulatory requirement. *Bailey v. Sedgwick Claims Mgmt. Servs. Inc.*, No. 2:24-CV-02749-TLP-TMP, 2025 WL 2779899, at *13 (W.D. Tenn. Sept. 26, 2025). Therefore, Plaintiff's Count II moves forward at this stage of the proceeding and is not dismissed.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02211-DOC-ADS                                   Date: June 18, 2026

Page 9

### D.   Plaintiff's § 502(a)(2) Claim (Count III) for breach of fiduciary duty is not dismissed.

In order to prevail under § 502(a)(2), Plaintiff must show harm to the plan itself. Plaintiff alleges that Sodexo used illegal nicotine surcharge funds to offset its own contributions, instead of depositing those surcharge funds into the Plan. Opp. at 23. Defendant argues that Plaintiff's allegations are not true, and even if they were, the Plan would not suffer harm due to Sodexo's alleged offset of its own contributions. MTD at 23. The Court disagrees and finds that at this stage of litigation, Plaintiff has sufficiently alleged harm to the plan and that § 1109 authorizes recovery for harms and losses to the plan—the remedy sought by Plaintiff.[1]

Next, Defendants claim that Plaintiff failed to state a breach of fiduciary duty because the creation of an allegedly unlawful wellness program does not qualify as fiduciary conduct. MTD at 24. However, the Court finds a distinction between the implementation, collection, and assessment of the tobacco surcharge and the simple creation of the plan. The implementation, collection, and assessment of the tobacco surcharge is fiduciary in nature as this implicated the management of the Plan's assets.

Finally, Defendants argue that Plaintiff's § 1106 "prohibited transaction" claims fail because there was no "'transaction' involving the Plan and another party" since Plaintiff is alleging only that Sodexo itself collected a tobacco surcharge and put those funds in a plan trust. MTD at 24. The Court finds that another party was in fact involved because the Plan itself is a separate entity under ERISA. *See* 29 U.S.C. § 1132(d). Therefore, Plaintiff's § 502(a)(2) claim has been sufficiently pled and is not dismissed.

### E.   Plaintiff's § 502(a)(1)(B) Claim (Count IV) for violation of term plans is not dismissed.

Defendants argue that Plaintiff's § 502(a)(1)(B) claim should be dismissed because he did not exhaust claims procedures before bringing suit under ERISA. MTD at 18. Both parties dispute whether it is clear from the face of the complaint whether or not Plaintiff exhausted the Plan's claims procedures. Opp. at 17. The Court will first turn to whether or not exhaustion is even required. The 2021 Sodexo Medical Plan states "[i]n most instances, you may not initiate a legal action against CareFirst or the Plan until you

---

[1] Though not binding on this Court, several of our sister district courts across the country have agreed with this analysis. *See, e.g., Bailey,* 2025 WL 2779899, at *20*; Bokma,* 783 F. Supp. 3d at 902*; Mehlberg,* 2025 WL 1260700, at *7.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02211-DOC-ADS                                Date: June 18, 2026

Page 10

have completed the level-one and level-two appeal processes. If your appeal is expedited, there is no need to complete the level-two process prior to bringing legal action" and "[y]ou must exhaust the Plan's appeals procedure [] before filing a lawsuit or taking other legal action of any kind against the Plan." Dkt. 71-2 at 368. There is ambiguity on several fronts with this language in relation to the present suit. First, Plaintiff brings suit not against the Plan, but against Sodexo. Next, there is no clarification under what circumstances legal action can be initiated without completion of the appeals process. And finally, the language in the plan is geared towards litigation related to benefits decisions. *Id.* Plaintiff's suit before the Court does not revolve around typical claims for benefits, but rather Sodexo's policies in relation to ERISA jurisprudence.

The Ninth Circuit has held that when Plan language could reasonably be read as making optional the administrative appeals process, and as a result the plaintiff does not exhaust the process, they are not barred from bringing their claim in Court. *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc*., 770 F.3d 1282, 1299 (9th Cir. 2014). In at this stage, Plaintiff has pled with enough particularly that there may have been ambiguity with the Plan language, therefore Plaintiff's IX claim is not automatically dismissed due to a lack of exhaustion.

Now, the Court turns to Defendant's argument that Plaintiff's § 502(a)(1)(B) claim also lacks merit. Plaintiff is arguing that the Plan allows the Administrator to increase employee contributions only regarding three enumerated factors and that since tobacco use is not one of those factors, this violates the terms of the plan. Opp. at 21. Defendants argue that the Summary Plan Description of the CareFirst PPO, which Plaintiff is subject to and authorizes the tobacco surcharge, is incorporated into the Plan document. MTD at 21. Both parties agree that Administrators may charge participants of different plans different amounts. *Id*. Plaintiff is arguing that the impermissible component is when two participants of the *same* plan are charged differently because one is a tobacco user. Plaintiff points to language in the Plan Document that states, "in the event any provision of the SPD or any other material furnished to Participants regarding the Plan is inconsistent with the terms of the Plan as set forth herein, the terms of this Plan document shall control" to demonstrate that Defendant's incorporation argument could be overshadowed. Dkt. 71-2 at 73. Plaintiff argues that the addition of a fourth basis for differential contribution amounts—outside of the only three dictated by the Plan Document—directly contradicts the Plan Document and is therefore without effect. Opp. at 22. At this stage, Plaintiff has pled the count with enough particularity for the claim to move forward.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02211-DOC-ADS                    Date: June 18, 2026

                                                                    Page 11

### IV.  Disposition

For the reasons set forth above, the Court DENIES Defendant's Motion to Dismiss.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                    Initials of Deputy Clerk: kdu

CIVIL-GEN