UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-02211-DOC-ADS Date: September 21, 2026

Title: Robert Platt et al v. Sodexo, S.A. et al

PRESENT: HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| P. Deason Karlen Dubon | None | None |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Interpreter* |

| Attorneys for Plaintiff: | Attorneys for Defendants: |
|---|---|
| None | None |

**PROCEEDINGS: (IN CHAMBERS) MOTION TO CERTIFY CLASS [99]**

The Courts may certify a class action only if it satisfies all four requirements identified in Federal Rule of Civil Procedure 23(a). *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 614 (1997). Rule 23(a) requires Plaintiffs to show the following: (1) the class is so "numerous" that joinder of all members individually is impracticable; (2) there are questions of law or fact "common" to the class; (3) the claims or defenses of the class representatives are "typical" of the claims or defenses of the class; and (4) the person representing the class is able to fairly and "adequately" protect the interests of all class members. Fed. R. Civ. P. 23(a). These requirements are commonly referred to as "numerosity," "commonality," "typicality," and "adequacy." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips Co.,* 593 F.3d 802, 806 (9th Cir. 2010).

The Court finds that all four requirements have been met for the three classes Plaintiff seeks to certify. There is no doubt that class members are so numerous as to render joinder impracticable. Class members seek to litigate common questions with respect to Sodexo's potential violations of ERISA and its own policies. Plaintiff, like other class members, suffered injuries as a Sodexo employee subject to the nicotine surcharge. Lastly, Plaintiff does not have any interests adverse to or potential conflicts of interest with other class members. The time and effort Plaintiff has already invested in this case reflect his commitment to advocating vigorously for his and other class members' shared interests.

After satisfying these four prerequisites, a party must also demonstrate compliance with one of the requirements under Rule 23(b). Here, because Plaintiff seeks certification under Rule 23(b)(3) for the Statutory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Violations Class and the Plan Terms Violation Class, Plaintiff must demonstrate that common "questions of law or fact" predominate over questions affecting individual members and that a class action is a superior method "for fairly and efficiently adjudicating" the action. Fed. R. Civ. P. 23(b)(3).

The Court finds that Plaintiff has met this requirement for both classes. The resolution of claims for the Statutory Violations Class hinges on whether Sodexo's nicotine surcharge policy complied with the requirements of ERISA. The litigation for the Plan Terms Violation Class pertains to whether Sodexo adhered to its governing Plan document. Thus, both classes seek to litigate common questions as opposed to individualized inquiries. Class members are unlikely to file individual suits given that the cost of litigation would exceed potential damages, rendering a class action the most appropriate vehicle to litigate these claims.

Plaintiff seeks to certify the third class, the Plan Fiduciary Duty Class, under 23(b)(1). A class action may be maintained under 23(b)(1) if separate actions by or against individual class members would create a risk of "inconsistent or varying adjudications" that would "establish incompatible standards of conduct" for party opposing the class or would "substantially impair" the interests of members not party to the individual actions.

The Court finds that the Plan Fiduciary Duty Class meets the requirements of 23(b)(1). The class alleges that Sodexo breached the fiduciary duties it owed to the medical plan as a separate entity and requests that the Court restore the plan to the position it would have been in but for the alleged breaches. Allowing individual lawsuits runs the risk of producing different results and establishing incompatible standards for Sodexo to meet, a risk that would be eliminated by a class action. Thus, the Plan Fiduciary Duty class meets the requirements of 23(b)(1).

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Class Certification for all three classes.

**IT IS SO ORDERED.**

**Initials of Deputy Clerk: pd/kdu**